143 N.J. Super. 371 (1976)
362 A.2d 1330
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LOUIS J. CELMER, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Monmouth County Court.
July 12, 1976.
*372 Mr. William Gallagher for appellant (Messrs. Klitzman, Klitzman & Gallagher, attorneys).
Mr. Thomas Primavera for respondent (Mr. James M. Coleman, Jr., Prosecutor of Monmouth County, attorney).
SHEBELL, J.C.C.
On March 24, 1976 defendant was charged in three summonses, returnable before the Ocean Grove Municipal Court, with operating a motor vehicle while under the influence of alcohol (N.J.S.A. 39:450(a)); speeding (N.J.S.A. 39:4-98) and disregard of a traffic signal (N.J.S.A. 39:4-81). On May 3, 1976 the municipal court judge found defendant guilty of all three offenses. Notice of appeal was filed with this court on May 11, 1976. Report of the convictions was filed with the Monmouth County Clerk on May 25, 1976 bearing the caption "Municipal Court of the Town of Ocean Grove, County of Monmouth, State of New Jersey."
On June 11, 1976, at the trial de novo on the record below, defendant for the first time raised the issue of lack of jurisdiction of the municipal court. Defendant argues that N.J.S.A. 40:97-1 et seq., enacted to grant powers to *373 Camp Meeting Associations to act with the same powers as a municipality, including the power to establish a municipal court, is unconstitutional.
Decision on the constitutional arguments was reserved. The court made findings as to the sufficiency of the proofs with respect to the three charges and declared that the guilt of defendant had been proved beyond a reasonable doubt as to driving while under the influence of alcohol but that the other two charges had not been proven. Defendant was ordered to comply with R. 4:28-4, giving notice to the Attorney General of the State of New Jersey and also to the Ocean Grove Municipal Court, the attorneys for Ocean Grove, and to the Ocean Grove Camp Meeting Association of the United Methodist Church and its Police Chief. No one other than the Prosecutor of Monmouth County and the attorney for defendant has appeared.
R. 7:4-2(e) carries over to the municipal court practice the provisions of R. 3:10-3 and 3:10-4. The State argues that by not raising the defense of lack of jurisdiction or the unconstitutionality of the statute at an earlier time, it is waived. There is no merit to this position. R. 3:10-3 specifically permits the raising of such a defense on appeal. The prohibition of the aforementioned rules and R. 3:10-2 excepts from its mandate as to motions which must be raised before trial that of lack of jurisdiction. Even with respect to those defenses which must be raised before trial, the court is given authority for good cause shown to grant relief from the waiver of the defense for failure to raise it before trial.
L. 1870, c. 157 incorporated Ocean Grove, establishing the original incorporators and their successors as a body corporate and politic under the name of "The Ocean Grove Camp Meeting Association of the Methodist Episcopal Church." The name was later changed to "The Ocean Grove Camp Meeting Association of the United Methodist Church." L. 1968, c. 231. The purpose stated in L. 1870, c. 157, § 1 is for "providing and maintaining for the members and friends of the *374 Methodist Episcopal Church a proper, convenient and desirable permanent camp meeting ground and christian seaside resort." The charter and the by-laws of the Association require that the trustees be and remain members of the United Methodist Church in good and regular standing. Association By-Laws, Arts. I, II and III.
The board of trustees manage and govern the Association under the charter and by-laws. The by-laws, which are subject to revision only by the trustees, provide that the board is self-perpetuating in that they themselves elect their replacements and successors. All officers are elected from the trustees. There is no requirement that the trustees reside in Ocean Grove at any time. The land which forms the area known as Ocean Grove is owned by the Camp Meeting Association and is subdivided into lots which may be leased "for ninety-nine years, or less, subject to renewal if none of the conditions have been violated, to parties who may be vouched for as of good moral character and in sympathy with the objects of this Association, when approved by the President or his designated representative in writing, subject to such rules and regulations as may be adopted by the Association or the Executive Committee from time to time." By-Laws, Art. XI.
This Camp Meeting Association and any other which can qualify under N.J.S.A. 40:97-1 as being "incorporated under the laws of this state for the purpose of providing any religious body or society with a permanent camp meeting ground or place of religious service," is granted general powers which have been held to establish Camp Meeting Associations as a class of municipalities. Percello v. Ocean Grove, 100 N.J.L. 407, 408 (E. & A. 1924) N.J.S.A. 40:97-1 et seq. ratifies the powers of the trustees of such associations to adopt by-laws and extends their powers to the passage of ordinances and resolutions. N.J.S.A. 40:97-5. The trustees may set "penalties for violations" of such rules, regulations, by-laws, ordinances and resolutions, which shall have "the force and effect of laws" and which "shall be enforceable *375 in the same manner and in the same courts as municipal ordinances." N.J.S.A. 40:97-6 to 8.
Express authority is given to the trustees under N.J.S.A. 40:97-4 to establish by ordinance a municipal court with the same functions, powers and duties that may be given to municipalities by law. The Ocean Grove Camp Meeting Association, by ordinance adopted April 17, 1964, established the municipal court as it now exists. The ordinance provides that the magistrate of the court, to be known as the "Municipal Court of Ocean Grove," shall be appointed by the board of trustees for a term of three years and until his successor is appointed and qualified. The ordinance provides for the hours when the court shall sit and also the place where court will be held.
Defendant contends that the statutes granting to Camp Meeting Associations powers to govern as a municipality, and particularly granting them powers of law enforcement and authority to establish a court, are unconstitutional as violating the First Amendment of the United States Constitution as it commands that there should be "no law respecting an establishment of religion."
This objection must be viewed at this time with due regard to the development of the tests outlined by the United States Supreme Court in recent years. It will no longer suffice to merely reflect on the long standing support the enactments have enjoyed when reviewed in the distant past by our earlier state courts. See Percello v. Ocean Grove, supra, 100 N.J.L. at 408-409.
In Lemon v. Kurtzman, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971), the court said as to the three tests to be applied in determining whether a law does not violate the First Amendment:
First, the statute must have a secular legislative purpose; second, its principal or primary effect must be one that neither advances nor inhibits religion, Board of Education v. Allen, 392 U.S. 236, 243, 88 S.Ct. 1923, 1926, 20 L.Ed.2d 1060 (1968); finally, the statute must not foster "an excessive government entanglement with religion." *376 Walz [v. Tax Commission, 397 U.S. 664] at 674, 90 S.Ct. [1409] at 1414 [25 L.Ed.2d 697 (1970)] [at 612-613, 91 S.Ct. at 2111]
N.J.S.A. 40:97-1 et seq., by giving to a religious association and each of its by-laws, rules, regulations, resolutions and ordinances the full force and effect of law, establishes a government by a religious organization which can govern not only its members but also any person who might find himself within its boundaries. The board of trustees has full power to govern all within their jurisdiction. The trustees are elected by the board as successors to the original incorporators and neither the general members of the association nor the residents of Ocean Grove take part in the election of those who govern Ocean Grove or appoint the Ocean Grove municipal judge.
Ocean Grove governs the general population within its territory because of the authority given it by the State of New Jersey, and as a municipality Ocean Grove and its municipal court are in every sense fully involved and entangled with the government of this State. It looks to the State for its origin, continuance and affirmance of its powers. Thus, if the Ocean Grove Camp Meeting Association is to be equated with religion, then the violation of the third test, as outlined in Lemon, supra, is established.
The Ocean Grove charter specifically stated the religious purpose of the Association and required that the trustees be and remain church members in good and regular standing. L. 1870, c. 157, §§ 1 and 4. This purpose and requirement has continued to the present day, both through that same charter and also the by-laws of the Association.
N.J.S.A. 40:97-1 clearly limits the grant of municipal authority to those camp meeting associations which are incorporated for religious purposes. If a camp meeting association were established by any other body or society without being religious in orientation, it would not qualify for the general powers granted by N.J.S.A. 40:97-1 et seq. The third test of Lemon v. Kurtzman, supra, 403 U.S. at *377 612-613, 91 S.Ct. 2105, is violated as well as the first and second tests. Any secular legislative purpose N.J.S.A. 40: 97-1 et seq. might have had has been overshadowed by the religious requirement mandated by its own terms. One of its principal effects is of necessity the advancing of religion.
Whenever unconstitutional provisions appear within a statute, a court has a duty to excise them if there is no reason to believe that the portion thus eliminated constituted an essential motive in the enactment of the statute. The question is whether it clearly appears that the unconstitutional feature of the statute did not constitute an essential motive in its enactment. McCran v. Ocean Grove, 96 N.J.L. 158, 164 (E. & A. 1921) The statute in question, however, cannot be saved by merely excising the limitation of the act to camp meeting associations that are of a religious nature. Unless those associations of a religious nature were expressly prohibited from having such powers, the same prohibited entanglement would still exist between religion and government in those situations where the camp meeting association was of a religious body or society. If one were to excise from the act the municipal powers granted to such associations, that would emasculate the act to such an extent that it would be defeating its purpose. The constitutional defects in the act are so inherent to its purpose and the motive of the Legislature in enacting it that any such alteration would put the court in the place of the Legislature.
The statute giving camp meeting associations the authority to establish a municipal court is unconstitutional as a violation of the First Amendment of the United States and therefore the ordinance establishing the court is invalid and void ab initio.
The Municipal Court of Ocean Grove, not being lawfully established, is without jurisdiction. The charge in question being a motor vehicle violation and not having been filed with a court of competent jurisdiction within 30 days of the offense would be defective. N.J.S.A. 39:5-3.
*378 The entry of judgment of acquittal on the charge of driving while under the influence of alcohol will be withheld to allow the State an opportunity to appeal the decision on the jurisdictional and constitutional questions presented. If no appeal is taken within the period allowed, judgment of acquittal will be entered at the expiration of the 45 days. Defendant is found not guilty of violations of N.J.S.A. 39:4-81 and 39:4-98.