STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
JOSEPH CUMMINGS, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 22, 1973—Decided February 27, 1973.

Before Judges CARTON, MINTZ and HORN.

*Messrs. Miller, Hochman, Meyerson & Miller,* attorneys for appellant (*Mr. Gerald D. Miller* on the brief and argued the cause for appellant).

*Mr. Geoffrey Gaulkin,* Hudson County Prosecutor, attorney for respondent (*Mr. Edwin H. Stern,* First Assistant Prosecutor, of counsel and argued the cause for the respondent; *Mr. Eugene H. Farber,* Assistant Prosecutor, on the brief).

The opinion of the court was delivered by

HORN, J. S. C., Temporarily Assigned. Defendant appeals from a County Court judgment of conviction of a disorderly persons charge of possession of prescription legend drugs, in violation of *N. J. S. A.* 2A:170–77.8. On December 12, 1969 defendant was arrested and on the same day complaints were filed against him in Bayonne Municipal Court charging him with open lewdness (Complaint 5370) and with possession of prescription legend drugs (Complaint 5369).

Both complaints. were referred to the county grand jury, the possession charge having been sent to the grand jury because it involved the same transaction, or was related to the indictable open lewdness offense. On February 8, 1971 the grand jury returned a "no bill" on the open lewdness charge.

Thereafter, on February 9, 1971 the Hudson County prosecutor notified the clerk of the Bayonne Municipal Court of the "no bill" and stated by letter that the complaint against defendant on the possession charge was still pending.

Rather than to proceed on the remanded complaint, the Bayonne authorities, on July 22, 1971, filed a second complaint (68690) which was substantially identical with the first one in that it charged defendant with possession of seconal, contrary to said statute, on the same date mentioned in the first complaint. The second complaint was filed more than one year after the discovery and commission of the offense.

As a result of the trial on the second complaint held January 26, February 17 and March 9, 1972, the municipal court judge found defendant guilty of possession of the seconal tablets and dismissed the complaint insofar as it charged use of same.

This conviction was appealed to the Hudson County Court, which conducted a trial *de novo* on July 14, 1972 and affirmed the conviction.

Defendant asserts three reasons for reversal: first, that the prosecution was barred by the statute of limitations; second, that the chain of possession of the tablets was not sufficiently established so as to permit them into evidence, and third, that the verdict was against the weight of the evidence.

*N. J. S. A.* 2A:169–10 provides that prosecutions under the Disorderly Persons Act must be brought within one year of the discovery or commission of the offense.

The original complaint was timely filed. It was never dismissed or otherwise finally disposed of. Prosecution of defendant on the same charge could have thus proceeded upon the original complaint. There was no need for a new complaint to be filed.

Since defendant can point to no real prejudice accruing to him by reason of the prosecution on the second complaint, the defense based on the statute of limitations is purely technical because of the filing date.

Although no case directly on point from this State has been referred to us, the theory of superseding prosecutions in this State has been found acceptable, although no statute of limitations was involved. Accordingly, it was held that a superseding indictment did not vitiate an earlier indictment, so that a prosecution could be brought under the first. *State v. Janiec,* 20 *N. J. Super.* 471 (App. Div. 1952), rev'd on other grounds, 11 *N. J.* 397 (1953). In *Janiec,* as here with respect to the first complaint, there was no formal abandonment, dismissal, or *nolle prosequi* of the first indictment.

In *State v. Adjmi,* 170 *So.* 2d 340 (Fla. App. 1964), the State proceeded on ten additional informations filed outside of the statute on limitations by charging defendant with specific crimes asserted in an earlier indictment which was filed within the statutory period. The court held that the

ten additional informations were valid because they were shown to be linked with the first one.

■ We feel that the theory of superseding complaints or indictments is sound. Inasmuch as the first complaint was still viable and effective, it could have been prosecuted for all intents and purposes, and it would have been better procedure to have done so. In the absence of a showing of prejudice to defendant, the second complaint may likewise be prosecuted.

With respect to the alleged failure on the part of the State to show a chain of possession of the evidence introduced at the trial, it appears that there was sufficient identification of the tablets.

■ A trial judge's discretion to determine whether a chain of possession has been adequately established will not be overturned in the absence of a clearly mistaken exercise thereof. *State v. Brown,* 99 *N. J. Super.* 22, 22 (App. Div. 1968), certif. den. 51 *N. J.* 468 (1968)

■ Our review of the testimony does not lead us to believe that the trial court was clearly mistaken in ruling that the chain of evidence was sufficiently established, as contended by appellant

We find ample evidence to support the conviction.

Accordingly, the judgment is affirmed.