161 N.J. Super. 63 (1978)
390 A.2d 1192
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
KENNETH A. KOCH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted July 18, 1978.
Decided July 28, 1978.
*65 Before Judges MILMED, LARNER and ARD.
Messrs. Levchuk & Halleran, attorneys for appellant.
Mr. Clinton E. Cronin, Acting Monmouth County Prosecutor, attorney for respondent (Mr. Charles F. Shaw, III, Assistant County Prosecutor, of counsel and on the brief).
PER CURIAM:
This appeal brings up for review the conviction of appellant in the Monmouth County Court for the disorderly persons offense of eluding the police in a motor vehicle after a signal to bring the vehicle to a stop. N.J.S.A. 2A:170-25.8. The gravamen of the appellate argument is bottomed upon the impropriety of the county judge's sua sponte amendment of the complaint at the end of the hearing from a charge of violation of a provision of the Motor Vehicle Act to a charge of violation of the Disorderly Persons Act.
Defendant had been served with a motor vehicle complaint by a police officer for failing "to yield to police vehicle," in violation of N.J.S.A. 39:4-92(a). After a plenary trial he was found guilty of this charge, with imposition of a fine and costs and a six-month revocation of his license.[1]
On a de novo appeal to the County Court, based on the record below, the judge found that the proofs did not sustain a charge under the designated section of the Motor Vehicle Act, namely, N.J.S.A. 39:4-92(a), since the facts clearly *66 did not fall within the ambit or intent of that statutory provision.
However, the judge on his own motion amended the complaint to charge a violation of N.J.S.A. 2A:170-25.8, concluded that the evidence amply supported a finding of guilt thereunder and entered a judgment of conviction for the offense. He rationalized that the disorderly persons offense more closely fit the facts in the record, and that he had the power to amend the statutory reference accordingly.
R. 3:23-8(c) empowers a County Court judge to amend a complaint on appeal from a municipal court. However, such a rule cannot be utilized to charge a more serious offense than that contained in the complaint underlying the prosecution. Mere correction of errors or statutory references by amendment of a complaint does not offend traditional concepts of due process which require as a basic prerequisite that a defendant be notified of the charge against him before trial.
However, where the proofs are at such variance from the charge contained in the complaint as to require an acquittal on that charge, the deficiency cannot be erased by the amendment process in order to convict the defendant of a different and more serious infraction. The county judge did not limit the amendment to charge a more appropriate section of the Motor Vehicle Act. Such an amendment would have been manifestly unobjectionable. He went further, however, by embroiling defendant in a quasi-criminal charge of a disorderly persons offense which involved a risk of imprisonment up to six months and a fine of $500, N.J.S.A. 2A:169-4, contrasted with the maximum exposure under the Motor Vehicle Act of imprisonment for ten days and a fine of $200, N.J.S.A. 39:4-104.
Moreover, the judge amended the complaint in the process of deciding the appeal, so that defendant was deprived of the opportunity to prepare and defend against the new charge at an evidential hearing  a charge relating to an offense of an entirely different character and magnitude.
*67 We are satisfied that such an amendment deprived defendant of the due process or fundamental fairness inherent in any penal proceeding, criminal or otherwise. See State v. Guerrido, 60 N.J. Super. 505, 510 (App. Div. 1960). A conviction of an offense for which a defendant is not charged and which is not a lesser included offense of that designated in the complaint cannot stand. N.J. Const., Art. I, par. 10; State v. Zelichowski, 52 N.J. 377, 382 (1968); State v. Begyn, 58 N.J. Super. 185, 201 (App. Div. 1959), aff'd 34 N.J. 35 (1961); Howland v. State, 58 N.J.L. 18 (Sup. Ct. 1895).
Accordingly, we reverse and set aside the conviction on the charge of violating N.J.S.A. 2A:170-25.8.
NOTES
[1] He was also convicted of speeding and given a separate sentence thereon. However this conviction is not involved on appeal.