200 N.J. Super. 19 (1985)
490 A.2d 323
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN W. DUTHIE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 4, 1985.
Decided March 20, 1985.
*21 Before Judges MORTON I. GREENBERG, O'BRIEN and GAYNOR.
Gregory G. Diebold argued the cause for appellant.
Elizabeth A. Duelly, Assistant Essex County Prosecutor, argued the cause for respondent (George L. Schneider, Essex County Prosecutor, attorney).
The opinion of the court was delivered by MORTON I. GREENBERG, P.J.A.D.
*22 The matter comes on before this court on defendant's appeal from his conviction at a trial de novo in the Law Division of a violation of N.J.S.A. 39:4-85 for improper passing. The principal question for our determination is whether the Law Division judge properly permitted a complaint filed in a municipal court under N.J.S.A. 39:4-88(a) for driving on the wrong side of the road to be amended to charge a violation of N.J.S.A. 39:4-85. In addition defendant was charged in the municipal court with speeding, going through a stop sign without stopping and failure to have his driver's license in his possession but we are not concerned with these complaints on this appeal.
The State's only witness at the municipal court trial was Donald Williams, a Montclair police officer. Williams testified that on June 22, 1983 he and Officer Powell were driving south on North Mountain Avenue, a street without marked lanes for traffic, when they observed defendant driving in the same direction at a high speed. The officers followed defendant and saw him go through the intersection of North Mountain and Watchung Avenues without stopping for a stop sign. Defendant then accelerated rapidly to a speed greatly exceeding the speed limit. He passed another southerly-bound vehicle forcing a vehicle coming north to pull to its right and almost go into a driveway to avoid colliding with defendant's vehicle. Defendant then pulled back to his right. The officers then stopped defendant. Though he later produced it, he did not have his driver's license in his possession when he was stopped.
Defendant testified that he stopped at Watchung Avenue and then went ahead along North Mountain Avenue passing vehicles illegally parked on his right side. These parked cars were the only ones defendant described seeing before he was stopped. Defendant specifically denied seeing any vehicle coming from the opposite direction. Defendant attempted to subpoena Officer Powell as a witness but the subpoena was not personally served on him and Powell did not appear. Defendant *23 asked the judge to procure Powell's appearance but the judge refused to do so because the subpoena had not been properly served. See R. 1:9-3.
The municipal judge dismissed the stop sign charge because he believed that it merged into the speeding violation. However, he convicted defendant on the remaining three complaints. The penalty for violation of N.J.S.A. 39:4-88(a) was a $50 fine and $10 costs. Defendant appealed from the three judgments of conviction to the Law Division.
In the Law Division defendant argued that inasmuch as North Mountain Avenue was not marked by lines he could not have violated N.J.S.A. 39:4-88(a). The State then moved to amend the complaint to substitute a charge of violation of N.J.S.A. 39:4-85 for that under N.J.S.A. 39:4-88(a). N.J.S.A. 39:4-85 requires that a driver overtaking a vehicle going in the same direction pass it at a safe distance on its left. The judge allowed the amendment and found defendant guilty on the amended charge under N.J.S.A. 39:4-85. He also found defendant guilty of speeding but acquitted him on the charge of not having the license in his possession. The same fine and costs were imposed for the violation of N.J.S.A. 39:4-85 as had been assessed for the conviction under N.J.S.A. 34:4-88(a).
Defendant has appealed to this court solely from the conviction under N.J.S.A. 39:4-85. He contends that the amendment should not have been allowed as it charged a completely new offense more serious than that under N.J.S.A. 39:4-88(a) and was not authorized by court rule. Additionally he asserts that his due process and double jeopardy protections were violated by the judge in allowing the amendment. Defendant further contends that the judge of the Law Division used an improper standard of review in adjudicating the case and the judge of the municipal court erred in failing to enforce the subpoena. Defendant does not, however, assert that the evidence does not support the conviction.
*24 The amendment in this case was allowed pursuant to R. 3:23-8(c) which provides that an appeal to the Superior Court, Law Division, from a municipal court shall:
... operate as a waiver of all defects in the record including any defect in, or the absence of, any process or charge laid in the complaint, and as a consent that the court may, during or before the hearing of the appeal, amend the complaint by making the charge more specific, definite or certain, or in any other manner, including the substitution of any charge growing out of the act or acts complained of or the surrounding circumstances of which the court from whose judgment or sentence the appeal is taken had jurisdiction, except that if the appeal is from a conviction for an indictable offense, the appeal shall not operate as a consent that the complaint may be amended so as to charge such an offense or a new or different indictable offense, unless the defendant agrees to such amendment.
R. 3:23-8(c) authorizes an amendment of a complaint provided the violation charged in the amended complaint is related to the offense originally charged. State v. Henry, 56 N.J. Super. 1, 14 (App.Div. 1959). However the rule cannot be used to permit the substitution of a more serious offense for that originally charged. Thus in State v. Koch, 161 N.J. Super. 63 (App.Div. 1978), we held that on an appeal de novo from a conviction for violation of N.J.S.A. 39:4-92(a), a charge under the motor vehicle laws for failure of a driver to yield to a police vehicle, a defendant could not be convicted of the disorderly persons offense under N.J.S.A. 2A:170-25.8 of eluding a police vehicle after being signaled to stop. We there held that an amendment to convert a traffic offense into a disorderly persons offense was impermissible for two reasons. Firstly the nature of a disorderly persons offense is more serious than a traffic offense. Further the allowable penalties for the disorderly persons offense were greater than those for the traffic violations.
Here we see no inherent qualitative difference between violations of N.J.S.A. 39:4-88(a) and N.J.S.A. 39:4-85 precluding the amendment. Both are offenses under the motor vehicle law. Inasmuch as no specific penalty is set forth in either section a person who violates either is subject to the same general penalty specified in N.J.S.A. 39:4-203. Further we do *25 not think that even if violations of the sections are considered in terms of community attitude a violation of N.J.S.A. 39:4-85 is the more opprobrious conduct.
There is, however, one significant difference between convictions under the two sections. N.J.S.A. 39:5-30.5 provides that the director of the Division of Motor Vehicles may adopt regulations for the assessment of penalty points for violations of the motor vehicle laws. A court at the time of the conviction assesses the points. N.J.S.A. 39:5-30.6. The point system is significant because the accumulation of points may lead to a driver's license being suspended. N.J.S.A. 39:5-30.8. Further it may result in a monetary surcharge for his driver's license. N.J.S.A. 17:29A-35. A violation of N.J.S.A. 39:4-85 will result in the assessment of four points whereas a conviction under N.J.S.A. 39:4-88 carries only a two-point penalty. N.J.A.C. 13:19-10.1. In view of the significance of the point system we are satisfied that if a necessary consequence of the amendment of the complaint was to require a four-point assessment against defendant the amendment would be precluded by State v. Koch, supra, 161 N.J. Super. at 63. Further the enhancement of the penalty by reason of the appeal would be barred by State v. DeBonis, 58 N.J. 182 (1971) which holds that as a matter of policy a defendant appealing from a municipal court conviction should not risk a greater sentence in the Superior Court. See also State v. Pomo, 95 N.J. 13 (1983).
We are satisfied, however, that the requirements of State v. Koch and State v. DeBonis may be met simply by reducing the assessment of points for the violation of N.J.S.A. 39:4-85 from four to two. We recognize that N.J.A.C. 13:19-10.1 which sets forth the points for convictions does not expressly authorize this reduction. But we think the director of the Division of Motor Vehicles would have intended in adopting the point system to permit the reduction in the circumstances of this case. The director recently demonstrated his practical approach by construing N.J.S.A. 39:3-20(c) to permit registration *26 in New Jersey of foreign solid waste vehicles. He announced this construction following oral argument on an appeal in which a substantial Commerce Clause issue was raised by Pennsylvania truckers who conceived themselves to be the subject of discrimination by reason of not being permitted to register their vehicles in New Jersey and thereby gain an exemption from axle weight limitations available to trucks registered in this State. See State v. Genesis Leasing Corp., 197 N.J. Super. 284, 292 (App.Div. 1984). The director's construction eliminated any substantial question under the Commerce Clause. Similarly we think the director in adopting the point system did not intend to be so inflexible that in all circumstances the specified points had to be assessed.[1]
Finally we note the anomalous consequence of a decision that we could not order the points reduced. There can be no doubt but that a driver who appeals from a municipal court to the Superior Court, Law Division, following a motor vehicle conviction may be convicted of a lesser offense related to the original charge. Thus a driver convicted of reckless driving in the municipal court could be convicted of careless driving on an appeal de novo. It seems extraordinary therefore that a driver guilty of a more serious offense than originally charged may be convicted of nothing. Accordingly if the requirements of State v. Koch, supra, 161 N.J. Super. at 63 and State v. DeBonis, supra, 58 N.J. at 182 may be satisfied, we should attempt to uphold the conviction under N.J.S.A. 39:4-85.
Defendant argues that inasmuch as he did not defend against the charge under N.J.S.A. 39:4-85 his due process rights were violated by his prosecution under that section. We *27 disagree. Unquestionably on an appeal de novo a charge may not be substituted if so different from that in the original complaint that a defendant did not fairly defend against it. Cf. State v. Wein, 80 N.J. 491, 497 (1979) (an indictment must adequately identify and explain the offense so an accused may prepare his defense). But here there was no such change. Indeed from the outset of this matter defendant knew that his method of driving while passing was in issue. The complaint in this case under N.J.S.A. 39:4-88(a) described defendant's offense as "Driving on Wrong side of/Improper Passing." Further Williams' testimony focused on defendant's driving while passing. Any question defendant had about this should have been dispelled by the answer to the first question his attorney asked Williams on cross-examination. The question and answer were:
Q Officer Williams, you charged the defendant in Summons 149 with a violation of 4-88a, driving on the wrong side of the line. Is that what that summons indicates?
A I charged him on the wrong side of the road, improper passing. I might have missed the ____ It's probably on the other copy, the ____.
Finally we note that defendant did dispute Williams' testimony concerning the passing and thus the facts concerning the passing were in issue. While Williams indicated defendant forced the oncoming vehicle to its right defendant denied there was any such car.
We reject defendant's double jeopardy claim. He asserts, correctly, that when a judgment is reversed because an appellate court determines the evidence was insufficient to support a conviction a retrial is precluded. State v. Tropea, 78 N.J. 309, 313-314 (1978). He reasons from this that inasmuch as the evidence was insufficient to support the conviction under N.J.S.A. 39:4-88(a) had our procedure been different the Law Division could not have remanded the case to the municipal court for a new trial. Thus he reasons the amendment on the appeal de novo should have been barred. Defendant's argument overlooks the purpose of the double jeopardy protections which are to shield a defendant against successive prosecutions *28 and multiple punishments for a single offense. State v. Dively, 92 N.J. 573, 578-579 (1983); State v. Rechtschaffer, 70 N.J. 395, 404 (1976). Here defendant cannot complain of the second prosecution for the appeal de novo was nothing more than a hearing which he sought. Further the penalties under the amendment were substituted for those under the original complaint and thus he was only punished once.
We have carefully considered defendant's remaining contentions relating to the enforcement of the subpoena and the standard of review used by the Law Division judge and find them to be clearly without merit. R. 2:11-3(e)(2).
The judgment of conviction under N.J.S.A. 39:4-85 is affirmed. The matter is remanded to the Superior Court, Law Division, for entry of an amended judgment assessing defendant for two penalty points under N.J.A.C. 13:19-10.1.
NOTES
[1] Of course we do not suggest that a court has discretion ordinarily to reduce the point assessment. This case is unique on the facts as the choice here is between assessment of two points or acquittal of defendant. Certainly a court finding a defendant guilty of a traffic offense could not decline to assess the points specified for the offense simply because the court did not consider the interdicted conduct merited the assessment.