201 N.J. Super. 608 (1985)
493 A.2d 645
STATE OF NEW JERSEY, PLAINTIFF,
v.
WILLIAM MARK WALLACE, DEFENDANT.
Superior Court of New Jersey, Law Division Criminal, Cumberland County.
Decided March 21, 1985.
*609 Betsy Phillips, Asst. Pros., for State (Kenneth A. Pagliughi, Cumberland County Pros.).
Linda L. Lawhun for defendant (Christopher H. Riley, Jr., attorney).
SERATA, J.S.C.
The defendant, William Mark Wallace, appeals from an adverse judgment of the Millville Municipal Court. The defendant was involved in a motor vehicle accident in the City of Millville on July 21, 1984. The investigating officer, faced with traffic difficulties arising from the accident, chose not to write a ticket for the violation. The officer did inform Mr. Wallace that a summons would be issued to him through the mail. Officer Michael Brown of the Millville Police Department testified that he wrote a summons following the accident. He further testified that he did not remove the ticket from his summons book and the book subsequently disappeared. On the advice of his sergeant, a new summons was issued sometime in September 1984 but predated to the time of the accident.
At the November 5, 1984 hearing held on the violation in Millville Municipal Court, counsel for the defendant argued to the Court that N.J.S.A. 39:5-3, which provides that summons must issue on a motor vehicle violation within 30 days, constitutes a statute of limitation thereby barring the prosecution of *610 Mr. Wallace. That assertion was rejected by the municipal court on the grounds that N.J.S.A. 39:5-3 is a statute of notice and since the defendant was aware of the violation, the statute would not bar prosecution. The defendant was found guilty of a motor vehicle violation and now appeals that conviction.
Counsel for the defendant argues that this conviction should be reversed on the grounds that Millville Municipal Court had no authority to hear the complaint lodged against Mr. Wallace. The basis for this assertion is founded on N.J.S.A. 39:5-3, which provides that a "judge may within 30 days after the commission of the offense, issue process directed to a constable, police officer, or the director for the appearance or arrest of the person so charged." Clearly summons was not issued to the defendant within 30 days. The issue before this Court is whether the failure to follow the mandate of N.J.S.A. 39:5-3 deprives the municipal court of the authority to hear a complaint deriving from a motor vehicle violation.
Whether N.J.S.A. 39:5-3 constitutes a statute of limitations is a question that has been expressly left open by the State Supreme Court in State v. Celmer, 80 N.J. 405 (1979). N.J.S.A. 39:5-3 is factually dissimilar to typical statutes of limitations. See N.J.S.A. 2C:1-6, N.J.S.A. 2A:14-1 et seq. Statutes of limitations governing criminal and civil actions speak in terms of time periods within which an action must commence. N.J.S.A. 39:5-3 frames its limitations in terms of issuance of process.
In general, statutes of limitations serve the purpose of forcing actions to be prosecuted diligently and insuring that individuals will not be burdened with defending stale claims. Ochs v. Federal Insurance Co., 90 N.J. 108 (1982); State v. Zarinsky, 143 N.J. Super. 35 (App.Div. 1976), aff'd. 75 N.J. 101 (1977). N.J.S.A. 39:5-3 has a similar effect. It encourages municipal officials to issue process on motor vehicle offenses within a reasonable period of time. Without such a rule a motorist might be subjected to the hazards of defending actions based *611 on violations occurring many months previous to the date a summons was issued.
Whether the failure to issue a summons within 30 days on a motor vehicle violation bars the prosecution of the action is a question addressed briefly by the County Court in State v. Celmer, 143 N.J. Super. 371 (Cty.Ct. 1976), rev'd 157 N.J. Super. 242 (App.Div. 1978), rev'd 80 N.J. 405 (1979). In an opinion by Judge Shebell he noted, "The charge in question being a motor vehicle violation and not having been filed with a Court of competent jurisdiction within 30 days of the offense would be defective." Citation omitted. Id., 143 N.J. Super. at 377. The basis of Judge Shebell's decision, however, was a First Amendment analysis. The Court did not explain its reasoning for its statement regarding N.J.S.A. 39:5-3. On appeal from an appellate division reversal of the County Court decision, the Supreme Court chose to rely on Constitutional grounds and declined to decide whether N.J.S.A. 39:5-3 constitutes a statute of limitations. Id., 80 N.J. at 419.
This Court finds the position of defense counsel and Judge Shebell's dicta in State v. Celmer, supra, persuasive. For reasons enumerated previously, N.J.S.A. 39:5-3 serves as a reasonable limitation on the issuance of summonses from municipal court in cases where a summons is not issued at the scene of an accident or violation. The question of whether N.J.S.A. 39:5-3 is technically a statute of limitations is largely academic. An action founded on a motor vehicle violation requires a summons to be issued within 30 days where one is not issued at the scene of the incident. The sanction for failure to do so can only be dismissal. To hold that such a sanction is not mandated would render N.J.S.A. 39:5-3 meaningless as a municipal court thus need never issue a summons. The Legislature could not have intended N.J.S.A. 39:5-3 to be merely advisory.
This Court finds that N.J.S.A. 39:5-3 bars the issuance of a summons on violations within its purview beyond 30 days from *612 which the violation occurred. Therefore, the municipal court action against the defendant is dismissed.
Defense counsel will submit an appropriate Order.