211 N.J. Super. 717 (1986)
512 A.2d 592
STATE OF NEW JERSEY, PLAINTIFF,
v.
HOWARD BERKA, DEFENDANT.
Superior Court of New Jersey, Law Division Morris County.
Decided May 2, 1986.
*718 Elizabeth Laino-Sylvester for plaintiff (Lee S. Trumbull, Morris County Prosecutor, attorney).
Eugene J. Porfido for defendant.
MacKENZIE, J.S.C.
This is a trial de novo following defendant's appeal from a conviction for harassment in the municipal court of the Borough of Chester. R. 3:23. That court imposed a fine of $50, court costs of $25 and a penalty of $30 payable to the Violent Crimes Compensation Board. A custodial term of 20 days in the Morris County jail, 14 days of which were suspended, was also imposed.
The chief issue of this trial de novo is the legal propriety of the court, on its own motion, in amending the complaint at the end of all evidence. Defendant had been charged in a complaint signed by a private citizen with simple assault in violation of N.J.S.A. 2C:12-1 a.(3). The court found defendant guilty of violating N.J.S.A. 2C:33-4.[1] Defendant contends that the *719 amendment was improper because it led to his conviction for an offense of which he was not accused. The State argues that the amendment was permitted pursuant to the provisions of N.J.S.A. 2C:1-8(d)(1), (3) and R. 7:10-2.[2]
A detailed recitation of the pertinent facts is not necessary to a determination of the legal issue. A brief conclusory summary will suffice. There was adequate credible evidence to satisfy this court, beyond a reasonable doubt, that defendant, while involved in an angry, head-to-head confrontation with his wife's ex-husband, jabbed his forefinger at the complainant's nose to punctuate his aggresive, vulgar, oral accusations, characterizations and challenges. The complainant was clearly apprehensive of being struck in some fashion by defendant. This highly-charged, emotional confrontation arose out of a child custody dispute. Defendant's purpose was patently to harass the complainant. In short, there was adequate credible evidence that defendant was guilty of harassment.[3]
In the complaint, the allegation was that defendant put the complainant "in fear of imminent serious bodily injury, by putting his finger in the face of Paul Anderson and threatening him by yelling...." N.J.S.A. 2C:12-1a.(3), the statute charged in the complaint, reads in pertinent part as follows:

*720 a. Simple assault. A person is guilty of assault if he:
....
(3) Attempts by physical menace to put another in fear of imminent serious bodily injury.
Reading the complaint and the statute together, the four elements of simple assault are: 1) purposeful conduct by defendant, 2) designed to put Anderson in fear of imminent serious bodily injury, 3) coupled with the present ability to inflict such injury, 4) which creates a reasonably founded fear on the part of complainant. Cf. State v. Diaz, 190 N.J. Super. 639 (Law Div. 1983).
The section of the Criminal Code of which defendant was found guilty reads in pertinent part:

N.J.S.A. 2C:33-4. Harassment. A person commits a petty disorderly persons offense if, with purpose to harass another, he:
....
b. Subjects another to striking, kicking, shoving or other offensive touching, or threatens to do so;
....
Sources: N.J.S.A. 2A:170-26; 2A:170-29, amended by L. 1965, c. 172, L. 1983, c. 334, § 1; M.P.C. 250.4.
The elements of this offense are 1) purposeful conduct by defendant, 2) designed to harass, 3) by subjecting the victim to the threat, by means of a physical menace, which 4) produces a reasonably-founded alarm on the part of the victim.
N.J.S.A. 2C:1-8(d) authorizes conviction of "an offense included in an offense charged." This statutory provision is consistent with previous decisional law. See State v. Saulnier, 63 N.J. 199, 205 (1973). An offense is included by virtue of N.J.S.A. 2C:1-8(d) when:

*721 (1) It is established by proof of the same or less than all facts required to establish the commission of the offense charged; or
....
(3) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission.
Applying the statutory standard, the court determines that harassment encompasses behavior which does not amount to an assault. Both statutes protect against offensive bodily touching, or the threat of same. As such, each recognizes the individual's interest in one's dignity by protecting against offensive contact with one's person. There is an element in each offense which involves a victim being placed in apprehension. The difference is whether the level of apprehension created is one of fear (simple assault) or merely alarm or annoyance (harassment). Otherwise, proof of the same facts suffice to prove the elements of either offense.
The court also notes that N.J.S.A. 2A:170-26, the simple assault statute that existed prior to the effective date of the New Jersey Code of Criminal Justice, is listed as a source of the harassment statute. This reference strongly suggests the applicability of a lesser included offense status. Further, the Final Report of the New Jersey Criminal Law Revision Commission, Vol II: Commentary (1971), § 2C:33-4 at 296, reveals that "(t)he present section is also needed to fill a gap caused by some exclusions from the provisions of § 2C:12-1 (assaults)." The commission apparently included harassment to be considered an included offense. This source information is supportive of the court's conclusion.
Thus, harassment is proven by evidence of the same facts which are required to prove simple assault. N.J.S.A. 2C:1-8(d)(1). That a less serious injury, i.e., alarm as opposed to fear, suffices to establish its commission confirms its lesser included status. N.J.S.A. 2C:1-8(d)(3). Under these circumstances *722 the amendment of the complaint to harassment and the conviction were proper.[4]R. 7:10-2.
NOTES
[1] Although the judge did not explicitly identify the section of the harassment statute which had been violated, it is apparent from his finding that he was referring to N.J.S.A. 2C:33-4b. On this trial de novo, this court confirms the municipal court judge's decision to amend, an amendment that this court is authorized to make itself pursuant to R. 3:23-8(c), see, State v. Henry, 56 N.J. Super. 1 (App.Div. 1959); State v. Duthie, 200 N.J. Super. 19 (App.Div. 1985), and having made independent findings of fact, finds defendant guilty of harassment.
[2] R. 7:10-2 provides in pertinent part:

The court may amend ... for any variance between the complaint and the evidence adduced at the trial but no such amendment shall be permitted which charges a different substantive offense (other than a lesser included offense).
[3] At sentencing, defendant was again fined $50, and was ordered to pay the same court costs and Violent Crimes Compensation Board penalty. A comparison of the applicable criteria under N.J.S.A. 2C:44-1(a) and (b) led the court to impose a noncustodial sentence.
[4] Significant in this regard is the absence of any surprise to defendant. The municipal court judge at the outset of the trial suggested to complainant's attorney that an amendment from assault to harassment seemed appropriate. Counsel vigorously opposed the amendment, and the trial proceeded on the charges in the complaint. At the beginning of the trial, if not before, counsel was on notice of an apparent included offense. Defendant could not claim prejudice in the amendment at the close of the evidence since his defense was that complainant had planned and instigated the confrontation before witnesses and thus was never concerned for his safety.