677 A.2d 824

STATE OF NEW JERSEY, PLAINTIFF, v. MICHAEL
RONDINONE, DEFENDANT.

Superior Court of New Jersey
Law Division Passaic County

Decided March 1, 1996.

*Lisa R. Squitieri,* Assistant Prosecutor for the State (*Ronald S. Fava,* Passaic County Prosecutor).

*Thomas S. Murphy* for defendant.

JOSEPH S. CONTE, J.S.C.

This case is before this court on appeal from the Little Falls Municipal Court. The facts of the case are as follows: On August 20, 1994 at approximately 1:28 a.m., Little Falls Police Officer John Kraus responded to McDonald's on Route 46 East in Little Falls in response to a minor accident in the drive-thru lane. Officer Kraus approached a white Honda Prelude and asked the driver for his license, registration and insurance card. It is stipulated that defendant, Michael Rondinone, was the driver of the vehicle. Defendant handed the officer a driver's license in the name of Michael J. Ottomanelli. The registration and insurance card for the white Honda Prelude were in the name of Frances Rondinone, Five Quartz Lane, Paterson, N.J. Little Falls Dispatcher Post testified that he ran a Department of Motor Vehicles (DMV) license plate check on the Honda Prelude on August 20, 1994, and it indicated the name and address of Frances Rondinone, Five Quartz Lane, Paterson, N.J.

Based on Officer Kraus' observations of defendant and the results of field testing, defendant was transported to headquarters for further testing. At headquarters, Officer Gianduso conducted a breathalyzer test which yielded a .17 blood alcohol content. Defendant was given his *Miranda* rights. At that time, a summons for Driving While Intoxicated, in violation of *N.J.S.A.* 39:4–50, was issued to defendant in the name of Michael Ottomanelli. Defendant was released and a taxi transported him from headquarters.

On September 13, 1994, Michael Ottomanelli appeared in Little Falls Municipal Court after receiving a notice in the mail. The municipal judge dismissed the Driving While Intoxicated summons (Summons 101749) after Officer Kraus indicated that Mr. Ottomanelli was not the man he arrested on August 20, 1994.

Detective Stryker testified that, on October 3, 1995, he and Officer Kraus drove to five Quartz Lane, Paterson to look for the white Honda Prelude. Detective Stryker testified that, on October 4, 1995, he and Officer Kraus went to the apartment located at five Quartz Lane and spoke to Frances Rondinone and determined that Michael Rondinone resided there. With information that they learned from Mrs. Rondinone, the officers contacted the Hoboken Police Department in order to determine the name of the auto body shop which Michael Rondinone owned. Detective Stryker testified that he did a DMV check for Michael Rondinone on October 4, 1994 and found that this name matched the address five Quartz Lane.

On October 5, 1994, Officer Kraus issued Michael Rondinone Summons 102098 for Driving While Intoxicated in violation of *N.J.S.A.* 39:4–50. In addition, defendant was issued Summons 102092 for Driving While Suspended in violation of *N.J.S.A.* 39:3–40, Summons 102097 for Exhibiting the Driver License of Another in violation of *N.J.S.A.* 39:3–39.c., a criminal complaint for uttering a false writing or record in violation of *N.J.S.A.* 2C:21–4.a. and a criminal complaint for knowingly giving or causing to be given false information to a law enforcement officer with the purpose to

implicate another in violation of *N.J.S.A.* 2C:28–4.a. Defendant was admitted to the Passaic County Pre–Trial Intervention Program (P.T.I.) on November 9, 1994 based on these criminal charges.

On February 28, 1995, Michael Rondinone appeared at the Little Falls Municipal Court. At that time, the municipal judge denied defendant's application to dismiss the summonses for violation of *N.J.S.A.* 39:3–39.c. and 39:4–50 based on statute of limitations grounds. The matter was tried in municipal court on March 28, 1995, April 18, 1995, April 25, 1995 and May 3, 1995. On May 3, 1995, the municipal judge again denied defendant's motion to dismiss the summonses for violation of *N.J.S.A.* 39:3–39.c. and 39:4–50 based on statute of limitations grounds. In addition, the judge denied defendant's application that the violation of *N.J.S.A.* 39:3–39.c. merges with *N.J.S.A.* 2C:21–4.a. The following sentence was imposed:

Violation of 39:3–40: $500 fine, $30 costs, driver's license suspension for 30 days.

Violation of 39:3–39c: $200 fine, $30 costs, incarceration at Passaic County Jail for a period of 30 days.

Violation of 39:4–50: $1000 fine, $30 costs, $100 DWI, $50 VCCB, $75 Safe Neighborhood Assessment, incarceration at Passaic County Jail for a term of 180 days to be reduced by the performance of community service for a period of 90 days to run consecutively with the 30 day sentence, driver's license forfeiture for a period of 10 years.

The sentence was stayed pending appeal to this court only with respect to the incarceration portion.

Defendant does not appeal his conviction for *N.J.S.A.* 39:3–40. Defense counsel argues that defendant's convictions for *N.J.S.A.* 39:3–39.c. and *N.J.S.A.* 39:4–50 are time-barred pursuant to *N.J.S.A.* 39:5–3, because the summonses were issued more than thirty days after the date of offense. Defendant bases this argument on *State v. Wallace*, 201 *N.J.Super.* 608, 611–612, 493 *A.2d* 645 (Law Div.1985). The State argues that *Wallace* is not binding on this court and, therefore, defendant's reliance on *Wallace* as a strict rule is inappropriate.

Defense counsel maintains that the dismissal of the original summons issued to Michael Ottomanelli did not enlarge the statute of limitations for the issuance of the new summonses to Michael Rondinone. Defendant adds that the prosecutor should have reserved the right or made a "John Doe" amendment to the initial complaint, especially in light of the fact that the Little Falls Police Department was suspicious of defendant's identity on the night of the offense and Officers Kraus and Stryker were aware of the statute of limitations.

The State offers several arguments. First, the State contends that the statute of limitations did not run because the defendant was issued a summons within thirty days from the date that the officers discovered that they issued the initial summons to the wrong person. Furthermore, the State argues that defendant was physically issued the initial summons on the night of the offense. Alternatively, the State argues that defendant utilized an alias on the night of the offense and was issued a summons in that name. The State also argues that defendant committed a fraud by displaying the wrong credentials on the night of the offense and he should not be allowed to benefit from the fraud by escaping prosecution. Finally, the State argues that an amendment of the initial complaint is allowed after thirty days from the date of the offense pursuant to *State v. Henry*, 56 *N.J.Super.* 1, 151 *A.*2d 412 (App.Div.1959).

Defendant argues that he was not obliged to protect the prosecution and since there is no "relation back" provision for traffic offenses, the statute of limitations has run because the date of the new summons does not relate back to the date of the first complaint. The State refutes this argument based on *State v. Cummings*, 122 *N.J.Super.* 540, 301 *A.*2d 161 (App.Div.1973) and *State v. Ochmanski*, 216 *N.J.Super.* 240, 523 *A.*2d 289 (Law Div.1987).

Alternatively, defense counsel argues that defendant's conviction for *N.J.S.A.* 39:3–39.c. must be reversed because it merges with defendant's conviction for *N.J.S.A.* 2C:21–4.a. for which de-

fendant was placed into P.T.I. on November 9, 1994, since the charges are practically identical.

## DISCUSSION

### I.

*N.J.S.A.* 39:5–3 directs that "[w]hen a person has violated [a motor vehicle law], the judge may, within 30 days after the commission of the offense, issue process directed to a constable, police officer or the director for the appearance or arrest of the person so charged."

Defense counsel relies on *State v. Wallace*, 201 *N.J.Super.* 608, 493 *A.*2d 645 (Law Div.1985) in his argument that the convictions for violation of *N.J.S.A.* 39:4–50 and 39:3–39.c. must be reversed on statute of limitations grounds. In *Wallace*, the court held that *N.J.S.A.* 39:5–3 bars the issuance of a summons on violations within its purview after thirty days from the date that the violation occurred. *Wallace, supra,* 201 *N.J.Super.* at 611–12, 493 *A.*2d 645. In that case, the defendant was involved in a motor vehicle accident and the officer chose not to issue the defendant a ticket while, however, informing the defendant that a summons would be issued through the mail. *Id.* at 609, 493 *A.*2d 645. The officer subsequently wrote out a summons but the summons book disappeared before the summons was issued to the defendant. *Ibid.* The officer eventually issued the defendant a new summons beyond thirty days from the date of the accident but dated it the day of the accident. *Ibid.* The municipal court judge found the defendant guilty of the motor vehicle violation. *Id.* at 610, 493 *A.*2d 645.

The Law Division in *Wallace* noted that the question of whether *N.J.S.A.* 39:5–3 constitutes a statute of limitations has been expressly left open by the New Jersey Supreme Court. *Wallace, supra,* 201 *N.J.Super.* at 610, 493 *A.*2d 645 (citing *State v. Celmer*, 80 *N.J.* 405, 404 *A.*2d 1 (1979)). The court indicated that *N.J.S.A.* 39:5–3 "frames its limitations in terms of *issuance* of

process" rather than in terms of the time period within which an action must commence. *Ibid.* (emphasis added). The court indicated that *N.J.S.A.* 39:5–3 encourages the issuance of process on motor vehicle offenses within a reasonable period of time so that defendants need not defend stale claims. *Ibid.* Most importantly, the court found that "... *N.J.S.A.* 39:5–3 serves as a reasonable limitation on the issuance of summonses from municipal court in cases where a summons *is not issued at the scene of an accident or violation....* An action founded on a motor vehicle violation requires a summons to be issued within 30 days where *one is not issued at the scene of the incident.*" *Id.* at 611 (emphasis added), 493 *A.*2d 645. While the *Wallace* opinion, a Law Division case, is not binding on this court, this court adopts its findings.

■ Therefore, in the instant case, defendant's argument that the summonses should be dismissed pursuant to *Wallace* fails since the defendant was issued a summons at the scene of the violation on August 20, 1994, albeit in the wrong name. The fact that the summons was issued in the name of Michael Ottomanelli does not change the fact that defendant was personally issued process thereby giving him sufficient notice of the violation so that he was not forced to defend a stale claim. Therefore, process was issued within thirty days of the occurrence as directed by *N.J.S.A.* 39:5–3 and defendant's convictions for *N.J.S.A.* 39:4–50 and 39:3–39.c. must not be reversed on statute of limitations grounds.

■ In *State v. Henry,* 56 *N.J.Super.* 1, 5, 151 *A.*2d 412 (App.Div.1959), the defendant was issued a complaint and summons containing the name and address of the defendant, the time and place of the offense, the citation of the statute violated, and the phrase ".21% of blood alcohol." Defense counsel informed the municipal court judge that the complaint did not state an offense which the defendant could answer. *Ibid.* The municipal court judge advised the defendant that he could amend the deficiency, however, no amendment was made. *Ibid.* The defendant was convicted of Driving While Intoxicated in violation of *N.J.S.A.* 39:4–50. *Id.* at 4, 151 *A.*2d 412.

On appeal, the Superior Court noted that the complaint should have been amended in municipal court, yet the County Court judge did not amend the complaint. *Id.* at 15, 151 *A.*2d 412. Instead the County Court reversed the conviction and entered a judgment of aquittal because the complaint did not contain any written statement of the essential facts constituting the alleged offense. *State v. Henry, supra,* 56 *N.J.Super.* at 4–5, 151 *A.*2d 412.

The Appellate Division reversed and remanded the matter for a full trial. The Appellate Division noted that it is fundamental that a complaint must contain an informative statement of the charge. *Id.* at 8, 151 *A.*2d 412. The requirement that a complaint state with sufficient particularity and certainty the time, place and nature of the offense serves the purpose of enabling the defendant to defend himself. *Id.* at 9–10, 151 *A.*2d 412. The Appellate Division found that the defendant was able to defend himself despite defendant's belief that the complaint was deficient; and that the defendant was not prejudiced. *Id.* at 10, 151 *A.*2d 412. The Appellate Division added that in motor vehicle cases the court "will not exalt technical and literal strictness to the sacrifice of essential justice...." *Id.* at 11, 151 *A.*2d 412 (citations omitted).

The Appellate Division indicated that *R.R.* 3:10–10(b) (now *R.* 3:23–8(c)[1]) permits a County Court on appeal from a municipal court conviction to amend a complaint, either before or during the appeal, by making the charge more specific, definite or certain, or in any other manner. *Henry, supra,* 56 *N.J.Super.* at 13, 151 *A.*2d 412. The court noted that the County Court had the *duty* to amend the complaint to correct a defect even though more than thirty days elapsed since the date of the offense. *Ibid.* This

---

[1] *R.* 3:23–8.(c) states: "The appeal shall operate as a waiver of all defects in the record including any defect in, or the absence of, any process or charge laid in the complaint, and as a consent that the court may, during or before the hearing of the appeal, amend the complaint by making the charge more specific, definite or certain, or in any other manner, including the substitution of any charge growing out of the act or acts complained of...."

power to amend even authorizes an amendment which charges an act not charged in the original complaint as long as the new charge is related to the original charge. *Id.* at 14, 151 *A*.2d 412. Therefore, the court held that it would have been proper for the County Court to amend the complaint on the motion of either party or on its own motion. *Id.* at 16, 151 *A*.2d 412.

The Appellate Division noted that *N.J.S.A.* 39:5–3 "only limits the time within which process for the appearance or arrest of the person charged with a motor vehicle violation must be *issued* by the municipal [court judge] . . ." *Id.* at 16 (emphasis added), 151 *A*.2d 412. The court held that since the summons was issued on the day of the violation and the complaint was sworn by a municipal court judge one week later, the requirements of *N.J.S.A.* 39:5–3 were satisfied. *Henry, supra,* 56 *N.J.Super.* at 16, 151 *A*.2d 412. The Appellate Division indicated that it was "contrary to law" if the County Court's decision to dismiss the complaint was influenced solely by the fact that more than thirty days passed since the date of the offense. *Ibid.* Consequently, the Appellate Division amended the complaint to specifically charge the defendant with a violation of *N.J.S.A.* 39:4–50. *Id.* at 17, 151 *A*.2d 412.

While *R.* 3:23–8.(c) authorizes a Superior Court judge to amend a complaint on appeal from municipal court, it can not be used to charge a more serious offense than the charge alleged in the complaint. *State v. Koch,* 161 *N.J.Super.* 63, 66, 390 *A*.2d 1192 (App.Div.1978). The Appellate Division in *Koch* held "[m]ere correction of errors or statutory references by amendment of a complaint does not offend traditional concepts of due process which require as a basic prerequisite that a defendant be notified of the charge against him before trial." *Ibid.* However, in *Koch,* the Appellate Division held that it was violative of due process where the county court judge amended a complaint charging a motor vehicle violation to a more serious disorderly persons offense because the defendant had no opportunity to defend himself on the new charge. *Ibid.*

In the instant case, when the original summons issued to Michael Ottomanelli was dismissed, the charges remained pending until the identity of the real defendant could be ascertained. Since the original summons was deficient in that it incorrectly identified defendant, the Superior Court on appeal from the municipal court conviction has a duty to amend the original complaint pursuant to *R.* 3:23–8.(c) despite the passage of thirty days beyond the date of the offense. The Superior Court may amend the complaint charging Michael Ottomanelli with *N.J.S.A.* 39:4–50, to correctly identify defendant and to include the charges *N.J.S.A.* 39:3–39.c., 39:3–40, 2C:28–4.b. and 2C:21–4.a. since they are related to the original offense. Although *N.J.S.A.* 2C:28–4.b. and 2C:21–4.a. are more serious charges than the charge alleged in the original complaint, the amendment is proper since they grew directly out of the fraud committed by defendant on the date of the original offense. Defendant was provided notice and afforded an opportunity to properly defend himself on these charges.

In conclusion, the municipal court judge correctly denied defendant's motion to dismiss the complaints and the convictions are affirmed.

## II.

Defendant's argument that his conviction for Exhibiting the Driver's License of Another in violation of *N.J.S.A.* 39:3–39.c. merges with his conviction for Falsifying or Tampering with Records in violation *N.J.S.A.* 2C:21–4.a. is correct. The well-settled principle guiding the merger doctrine is that " 'an accused [who] has committed only one offense . . . cannot be punished as if for two.' " *State v. Cole,* 120 *N.J.* 321, 325–26, 576 *A.*2d 864 (1990) (citations omitted). The New Jersey Supreme Court follows a "flexible approach" in resolving merger issues which requires focusing on " 'the elements of [the] crime[s] and the Legislature's intent in creating them,' " and on " 'the specific facts of each case.' " *Id.* at 327, (citations omitted), 576 *A.*2d 864. "Convictions for lesser-included offenses, offenses that are a *necessary* compo-

nent of the commission of another offense, or offenses that merely offer an alternative basis for punishing the same criminal conduct will merge." *State v. Brown,* 138 *N.J.* 481, 561, 651 *A.*2d 19 (1994).

██ Applying the applicable law to the instant case, defendant's conviction for *N.J.S.A.* 2C:21–4.a. merges with his conviction for *N.J.S.A.* 39:3–39.c. Defendant's conviction for Falsifying or Tampering with Records in violation of 2C:21–4.a. charges defendant with uttering a writing or record knowing that it contains a false information or information with purpose to deceive or injure anyone or to conceal any wrongdoing. The basis of this violation, as stated in count one of the accusation, charged that defendant "did exhibit the driver license of another when arrested for the offense[ ] of DWI contrary to ... 2C:21–4a. ... ." Defendant's conviction for Exhibiting the Driver's License of Another in violation of *N.J.S.A.* 39:3–39.c. charges defendant with operating a motor vehicle and exhibiting the driver's license of another whether he be licensed or not. Since proof of defendant's violation of *N.J.S.A.* 39:3–39.c. is necessary to sustain defendant's conviction for *N.J.S.A.* 2C:21–4.a., his conviction for 39:3–39.c. merges into 2C:21–4.a. *See State v. Brown,* 138 *N.J.* 481, 561, 651 *A.*2d 19 (1994); *State v. Cole,* 120 *N.J.* 321, 328, 576 *A.*2d 864 (1990).

In sum, defendant's conviction for violation of *N.J.S.A.* 39:4–50 is affirmed. Defendant's conviction for violation of *N.J.S.A.* 39:3–39.c. merges into his conviction for *N.J.S.A.* 2C:21–4.a. for which he was placed into the Pre-trial Intervention program on November 9, 1994.