693 A.2d 493

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. MICHAEL RONDINONE, DEFENDANT–
APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted February 26, 1997—Decided March 21, 1997.

Before Judges KEEFE and CONLEY.

The opinion of the court was delivered by

CONLEY, J.A.D.

Defendant appeals a conviction of *N.J.S.A.* 39:4–50 by the Superior Court on his *de novo* appeal from a conviction by the municipal court. The trial court's opinion is reported at 291 *N.J.Super.* 489, 677 *A.*2d 824 (Law Div.1996). Defendant's primary contention is that *N.J.S.A.* 39:5–3, which provides for issuance of a summons within 30 days for a violation of Title 39 offenses, bars his conviction under the circumstances here.

Here is how the issue arises. On August 20, 1994, defendant was charged with driving while intoxicated, contrary to *N.J.S.A.* 39:4–50, and issued summons 101749. Because, however, he provided the police with someone else's identification and did not advise the police of his true identity, the summons was issued in the name of the other person. There is no dispute, however, that defendant received the summons on that date and knew that the charge was against him. On the return court date, August 30, 1994, defendant failed to appear and a notice was sent to the individual whose identity defendant had used. When that person appeared on the second court date, September 13, 1994, the arresting officer realized he was not the defendant and the summons was dismissed. After defendant's real identity was finally determined, a new summons was issued on October 5, 1994. It is defendant's position that, because this summons was issued more than 30 days after the infraction, it is barred by *N.J.S.A.* 39:5–3.

Judge Conte concluded that *N.J.S.A.* 39:5–3 did establish a period of limitation for the issuance of a summons under Title 39. But he rejected defendant's claim that the charge against him was time-barred. In doing so, he said:

> [D]efendant's argument that the summonses should be dismissed ... fails since the defendant was issued a summons at the scene of the violation on August 20, 1994, albeit in the wrong name. The fact that the summons was issued in the name of Michael Ottomanelli does not change the fact that defendant was personally issued process thereby giving him sufficient notice of the violation so that he was not forced to defend a stale claim. Therefore, process was issued within thirty days of the occurrence as directed by *N.J.S.A.* 39:5–3 and defendant's convictions for *N.J.S.A.* 39:4–50 and 39:3–39c must not be reversed on statute of limitations grounds.
>
> [291 *N.J.Super.* at 496, 677 *A.2d* 824.]

We agree with this rationale. *And see State v. Sirvent,* 296 *N.J.Super.* 279, 289–90, 686 *A.2d* 1202 (App.Div.1997).

Judge Conte also concluded that *R.* 3:23–8(c) [1] would authorize the amendment of the original summons to substitute defendant's name, notwithstanding its dismissal. 291 *N.J.Super.* at

---

[1] In pertinent part, *R.* 3:23–8(c) provides:

498–99, 677 A.2d 824. Indeed, he concluded that "the Superior Court on appeal from the municipal court conviction has a duty to amend the original complaint pursuant to R. 3:23–8(c)...." *Id.* at 499, 677 A.2d 824. We have substantial question as to the application of R. 3:23–8(c) to resurrect a dismissed summons. In this respect, we believe the judge's reliance upon *State v. Henry*, 56 N.J.Super. 1, 151 A.2d 412 (App.Div.1959), is misplaced. That case concerned the use of R. 3:23–8(c) to amend a viable existing summons more than 30 days after its issuance. Simply put, the initial summons here had been dismissed. We do not read *Henry* to permit amendments to a previously dismissed summons. Most assuredly, we did not there hold that a Superior Court judge *must* amend a dismissed summons and specifically disapprove the *dicta* to that effect in the judge's opinion here.

Affirmed.

The appeal shall operate as a waiver of all defects in the record including any defect in, or the absence of, any process or charge laid in the complaint, and as a consent that the court may, during or before the hearing of the appeal, amend the complaint by making the charge more specific, definite or certain, or in any other manner....

*See also R.* 7:10–2.