848 A.2d 744

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. SADEGH KASHI, DEFENDANT–APPELLANT.

Argued March 15, 2004—Decided May 26, 2004.

*Timothy G. Boney* argued the cause for appellant.

*Simon Louis Rosenbach,* Assistant Prosecutor, argued the cause for respondent (*Bruce J. Kaplan,* Middlesex County Prosecutor, attorney).

PER CURIAM.

■ We granted defendant Sadegh Kashi's petition for certification, 178 *N.J.* 30, 834 *A.*2d 404 (2003), to consider whether in a *de novo* appeal, a trial court may use a police officer's observations to sustain a driving while intoxicated conviction even though the municipal court found the officer's observations insufficient and convicted defendant only on the basis of Breathalyzer test results. The Appellate Division answered the question in the affirmative and we agree. The judgment of the Appellate Division is therefore affirmed substantially for the reasons expressed in the opinion of Judge Wefing. *State v. Kashi,* 360 *N.J.Super.* 538, 823 *A.*2d 883 (2003). We add the following.

In *State v. Hessen,* 145 *N.J.* 441, 454–59, 678 *A.*2d 1082 (1996), we addressed whether the ban against plea bargaining for the offense of driving while under the influence of liquor or drugs, *N.J.S.A.* 39:4–50(a), applied to a charge of "permitting" an intoxicated person to drive one's vehicle. In finding that the ban applied, we stated that *N.J.S.A.* 39:4–50(a) includes four specific offenses:

■ Operating a motor vehicle while under the influence of intoxicating liquor or drugs;

■ Operating a motor vehicle with a blood alcohol concentration of 0.10% or more;

■ Permitting another person who is under the influence of intoxicating liquor or drugs to operate a motor vehicle which one owns or has in one's custody or control;

■ Permitting another person with a blood alcohol concentration of 0.10% or more to operate a motor vehicle which one owns or has in one's custody or control.

[*Hessen, supra,* 145 *N.J.* at 455, 678 *A.*2d 1082.]

█ We no longer subscribe to the position that *N.J.S.A.* 39:4–50(a) describes four specific offenses. Rather, we agree with the Appellate Division that *N.J.S.A.* 39:4–50(a) creates one offense that may be proved by alternative evidential methods. *Kashi, supra,* 360 *N.J.Super.* at 545, 823 *A.*2d 883. Our view is fortified by the sentencing provisions in *N.J.S.A.* 39:4–50(a), providing penalties for the "first offense," "second violation," and "third or subsequent violation." *N.J.S.A.* 39:4–50(a)(1)–(a)(3). The terms "first offense," "second violation," and "subsequent or third violation," refer to the single offense of driving while intoxicated set forth in *N.J.S.A.* 39:4–50(a). Consequently, we hold that *N.J.S.A.* 39:4–50(a) is a unified offense under which a defendant can be found guilty on alternate bases.

█ Defendant sought a *de novo* review in the Law Division, which "provides a reviewing court with the opportunity to consider the matter anew, afresh [and] for a second time." *In re Phillips,* 117 *N.J.* 567, 578, 569 *A.*2d 807 (1990) (alteration in the original) (internal quotations omitted). The court conducting a *de novo* review must give due, but "not necessarily controlling, regard to the opportunity of the [municipal court] to judge the credibility of the witnesses." *State v. Johnson,* 42 *N.J.* 146, 157, 199 *A.*2d 809 (1964). Here, the Law Division on the *de novo* review differed with the findings of the municipal court based on the record, but did not challenge the municipal court's credibility findings.

█ In reviewing the *de novo* proceeding, the Appellate Division concluded that the Law Division fairly found that the evidence in the record established beyond a reasonable doubt that defendant was intoxicated when driving. *Kashi, supra,* 360 *N.J.Super.* at 545–46, 823 *A.*2d 883. We agree with that conclusion. Further, because the *de novo* review did not subject defendant to a conviction after an acquittal, or to the possibility of conviction of a more serious offense, or of an offense carrying a higher penalty, we find no double jeopardy or due process viola-

tion. *See State v. Widmaier,* 157 *N.J.* 475, 489–90, 724 *A.*2d 241 (1999).

▆ Lastly, we take this opportunity to reaffirm our prior policy decision that a defendant convicted and sentenced in a municipal court may not be subjected to a greater sentence on appeal. *State v. De Bonis,* 58 *N.J.* 182, 188–89, 276 *A.*2d 137 (1971).

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice PORITZ and Justices LONG, VERNIERO, LaVECCHIA, ZAZZALI, ALBIN and WALLACE—7.

*Opposed*—None.