**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3660-16T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DYLAN OGDEN,

    Defendant-Appellant.

_____

          Argued August 14, 2018 — Decided  September 7, 2018

          Before Judges Sumners and Gilson.

          On appeal from Superior Court of New Jersey,
          Law Division, Monmouth County, Municipal
          Appeal No. 17-004.

          Thomas M. Cannavo argued the cause for
          appellant (The Hernandez Law Firm, attorneys;
          Thomas M. Cannavo, of counsel and on the
          brief).

          Monica do Outeiro, Assistant Prosecutor,
          argued the cause for respondent (Christopher
          J. Gramiccioni, Monmouth County Prosecutor,
          attorney; Monica do Outeiro, of counsel and
          on the brief).

PER CURIAM

Following a trial de novo in the Law Division, defendant Dylan Ogden was convicted of driving while intoxicated (DWI) per se, N.J.S.A. 39:4-50, based upon the Alcotest results of 0.14 percent blood alcohol concentration (BAC). On appeal, defendant argues that the State's failure to move into evidence the Alcotest operator card and coordinator certification card for the state trooper who calibrated the Alcotest device constituted a failure to prove that the Alcotest was in proper working order. We affirm because we conclude that the admission of documents, which contained the trooper's certification regarding the calibration of the Alcotest, satisfied the requirement of State v. Chun, 194 N.J. 54, 154 (2008), that "foundational documents" be admitted into evidence to show the Alcotest was in proper working order.

We set forth the limited facts presented at the two-witness municipal court trial that are necessary to resolve this appeal. On June 18, 2016, defendant was stopped by a Manasquan police officer for driving with a taillight that was not illuminated. The officer testified that upon speaking to defendant, he believed defendant had been drinking due to the odor of alcohol emanating from the vehicle and his observation that defendant's eyes were "bloodshot and watery." To confirm his suspicions, the officer had defendant perform roadside sobriety tests, which were recorded on a motor vehicle recording device (MVR). The officer determined

that defendant failed the test and arrested him for DWI. At the police station, the officer administered the Alcotest, resulting in a BAC of 0.14 percent. Defendant was charged with DWI, reckless driving, N.J.S.A. 39:4-96, and failure to maintain lamps, N.J.S.A. 39:3-66. Defendant's expert, a retired state trooper, testified that, based upon his observation of the MVR, defendant did not operate his vehicle while intoxicated, and that the officer's operation of the Alcotest was inconsistent with Chun.

Following the trial, the municipal court issued a reserved oral decision finding defendant guilty per se of DWI based upon the BAC results, guilty of failure to maintain lamps, but not guilty of reckless driving. The court rejected defendant's argument that the State's decision not to admit into evidence State Trooper David W. Klimak's Alcotest operator card and the coordinator card — which were provided in discovery — prevented it from adducing the "foundational documents" required by Chun, 194 N.J. at 154, to sustain a per se DWI violation, and thereby found the BAC results admissible. The court held that the foundational documents required were satisfied by Klimak's signatures below the certifications at the bottom of the Alcotest 7110 Calibration Record and the Alcotest 7110 Calibration

Certificate Part I Control Tests (collectively, the calibration documents). Klimak's certifications on April 22, 2016 provided:[1]

> Pursuant to law, and the "Chemical Breath Testing Regulations" N.J.A.C. 13:51, I am a duly appointed Breath Test Coordinator/Instructor. In my official capacity, and consistent with "Calibration Check Procedure for Alcotest 7110," as established by the Chief Forensic Scientist of the Division of State Police, I perform calibration checks on approved instruments employing infrared analysis and electrochemical analysis, when utilized in a single approved instrument as a dual system of chemical breath testing. Pursuant to, and consistent with, the current "Calibration Check Procedure for Alcotest 7110," as established by the Chief Forensic Scientist, I performed a Calibration Check on the approved instrument identified on this certificate. The results of my Calibration Check are recorded on this certificate, which consists of two parts on two pages: Part I – Control Tests; and Part II – Linearity Tests. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

The court further found that the officer, who operated the Alcotest, did so in conformance with <u>Chun</u>'s requirements. The court, however, did not make a ruling whether the State proved defendant was guilty based on the officer's observations.

---

[1] The calibration documents depicted the seal of the New Jersey State Police printed under or over the text of the certifications.

On trial de novo appeal to the Law Division, defendant renewed his contention that the foundational documents to admit the Alcotest results were not satisfied.[2] In a thorough oral decision, Judge Leslie-Ann M. Justus found that, based upon her own independent assessment of the record, there was insufficient proof that defendant was guilty of DWI based upon observation, but that he was guilty per se of DWI due to his 0.14 percent BAC. The judge stated she was bound by the evidentiary record from the municipal court in accordance with State v. Thomas, 372 N.J. Super. 29, 31 (Law. Div. 2002), but recognized under State v. Kashi, 180 N.J. 45, 48 (2004), that she could make her own "assessment of the sufficiency of the evidence contained within the record." The judge found that the admitted calibration documents with the trooper's certification established his "requisite ability, qualifications and authority to operate and calibrate the Alcotest" such that it was not necessary for the State to admit into evidence his credentials — the Alcotest operator card and coordinator certification card. Thus, Judge Justus ruled that Chun's documentation requirements were satisfied. Moreover, the judge determined that defendant's reliance upon State v.

_____

[2]  The municipal court also denied defendant's pretrial motion to suppress the Alcotest results, and defendant agreed to incorporate the testimony from the suppression hearing into the trial. Defendant did not challenge the denial of the suppression motion.

Kuropchak, 221 N.J. 368, 384-85 (2015), was misplaced because there the Court found that the State's evidence of the wrong certificate for the semi-annual calibration, instead of the recent Calibrating Unit New Standards Solution Report, was contrary to Chun; thereby making the Alcotest results inadmissible and the finding that the defendant was guilty per se of DWI invalid. She further found as not credible the testimony of defendant's expert that the officer's operation of the Alcotest was inconsistent with Chun.

Before us, defendant again argues that the State did not have the necessary foundational documents under Chun to admit the Alcotest results into evidence to sustain his per se DWI conviction.[3] He contends that, without the testimony of the trooper coordinator or a letter from the Attorney General as to the qualifications of the coordinator, the Alcotest Coordinator Instructor card or replica certificate must be entered into evidence to presumptively satisfy Chun's credentials requirement.

In reviewing a trial court's decision on a municipal appeal, we determine whether sufficient credible evidence in the record supports the Law Division's decision. State v. Johnson, 42 N.J. 146, 162 (1964). Unlike the Law Division, which conducts a trial

---

[3] Defendant takes no issue with Judge Justus' ruling that the officer operated the Alcotest in accordance with Chun.

de novo on the record, Rule 3:23-8(a), we do not independently assess the evidence. State v. Locurto, 157 N.J. 463, 471 (1999). In addition, under the two-court rule, only "a very obvious and exceptional showing of error" will support setting aside the Law Division and municipal court's "concurrent findings of facts." Id. at 474. However, we exercise plenary review of the trial court's legal conclusions that flow from established facts. State v. Handy, 206 N.J. 39, 45 (2011).

The results from Alcotests have been deemed scientifically reliable. Chun, 194 N.J. at 66. Furthermore, Alcotest results are admissible to prove a per se violation of DWI. Ibid. In Chun, the Court held that a condition precedent to the admissibility of Alcotest results is proof that (1) the Alcotest was in working order and inspected prior to the procedure in question, (2) the operator was certified, and (3) the operator administered the test according to official procedure. Id. at 134. The first Chun factor requires the State to produce and admit three foundational documents:

> (1) the most recent Calibration Report prior to a defendant's test, including control tests, linearity tests, and the credentials of the coordinator who performed the calibration;

> (2) the most recent New Standard Solution Report prior to a defendant's test; and

> (3) the Certificate of Analysis of the 0.10
> Simulator Solution used in a defendant's
> control tests.

> [Id. at 154.]

The Court has also directed the State to disclose in discovery twelve other foundational documents. Id. at 153.

There is no dispute that the State produced in discovery the core foundational documents required under Chun, ibid., to show that the Alcotest used for defendant's breathalyzer samples was in working order and inspected prior to defendant's test. We agree with Judge Justus' reasoning that the calibration documents were sufficient proof that Klimak had the ability, qualifications, and authority to operate and calibrate the Alcotest. Klimak's certifications in the calibration documents provide the foundation required for admission of the calibration documents as business records pursuant to N.J.R.E. 803(c)(6). They establish that Klimak tested the device and reported the results on April 22, 2016, in the regular course of his duties as a duly authorized Alcotest coordinator and based on what he did and observed. And, in Chun, 194 N.J. at 142, the Court plainly stated that all of the "foundational documents" it recognized "qualify as business records." Accordingly, we discern no error in Judge Justus' decision finding defendant guilty per se of DWI.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3660-16T2