**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2651-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANDREW FLEMING,

    Defendant-Appellant.

_____

        Submitted November 6, 2019 - Decided November 19, 2019

        Before Judges Accurso and Rose.

        On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Municipal Appeal No. 010-08-18.

        Steven H. Schefers, attorney for appellant.

        Mark Musella, Bergen County Prosecutor, attorney for respondent (Jaimee M. Chasmer, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following the denial of his motion to dismiss the charge, defendant Andrew Fleming entered a conditional guilty plea to driving while intoxicated (DWI), N.J.S.A. 39:4-50, in the Mahwah Municipal Court and was sentenced as a second-time offender. Following its de novo review on the motion record, the Law Division found probable cause for defendant's arrest for operating his car while intoxicated. Defendant appeals raising a single issue:

> THE STATE FAILED TO [ELICIT] SUFFICIENT TESTIMONY TO MEET THE REQUIRED BURDEN OF PROOF IN REGARD TO OPERATION.

We reject defendant's argument and affirm.

At the municipal court hearing on the motion, the arresting officer testified he found defendant asleep in his car in a gas station in the middle of a March night. The engine was running, the lights were on, and defendant was behind the wheel, with the seat reclined. He was alone in the car. The officer noticed the car because it was parked across several parking stalls. The windshield was smashed and there was damage to the front end. When the officer roused defendant, he noted defendant's bloodshot eyes, slurred speech and several bottles of Budweiser on the front seat, including one empty bottle in the center console.

2

Defendant told the officer he drove himself to the gas station. He first said he'd been there for about an hour, and then said it had been a few hours. Asked how the car was damaged, the officer testified defendant "said a friend had hit it with a sign, but he couldn't provide the friend's name or location of an accident or any other incidents." Suspecting defendant was operating the car while intoxicated, the officer asked him to perform sobriety tests, which lead to defendant's arrest.

Defendant's testimony was different. He claimed he couldn't sleep and was hungry, so he decided to drive to McDonald's a few miles from his house. When he was about a mile and a half from home, he hit a deer, which smashed his windshield. He then drove another half mile to the gas station and pulled in to call his mother to come pick him up. He claimed he parked perpendicular to the parking stalls, not across them, to make it easier for a tow truck to access the car. While waiting for his mother, whom he had trouble reaching, he found a "six pack and a half" of beer "that was left over from a couple of days beforehand" and drank four bottles.

Asked on cross-examination why he didn't just drive home when he couldn't reach his mother, defendant responded "Because that's — I, you know, that's a pretty good distance from me. Not very far, but like . . . A couple more

3

miles." Defendant had already acknowledged, however, that he'd ascertained the car was safe to drive to the gas station after he hit the deer, that the car was "driveable" and that he "didn't think it was a big deal. Just a broken windshield." He denied telling the officer a friend had hit the car with a sign, and insisted he told the officer he had hit a deer. When asked why he decided to drink a few beers while waiting at the gas station, defendant claimed he "noticed them" when "moving stuff around," and he "guess[ed] to help me calm — I know it wasn't smart, but to calm down a little bit I guess? I don't know. Like I said, it wasn't smart, but . . . ."

The municipal court judge determined defendant's story was not credible, and his actions in driving to the gas station after he allegedly hit the deer instead of returning home or calling the police didn't make sense. The judge concluded defendant "didn't have his wits about him" when he pulled into the gas station across several parking stalls and proceeded to fall asleep with the engine running and the lights on "because he at some point in time had . . . consumed some alcohol before he got to the [gas station]."

On de novo review in the Law Division, the judge agreed that "[t]he state of . . . defendant's car, the signs of intoxication observed by [the officer], and the conflicting stories by . . . [defendant] are enough to show operation"

4

by circumstantial evidence, see State v. Ebert, 377 N.J. Super. 1, 10-11 (App. Div. 2005), giving due regard to the municipal court's credibility findings, see State v. Johnson, 42 N.J. 146, 157 (1964). The judge accordingly entered an order denying defendant's motion to dismiss the DWI charge.[1]

Defendant argues on appeal that the State's evidence on operation failed to satisfy its "burden of proof on this issue . . . beyond a reasonable doubt." The State, however, was never put to the burden of establishing operation beyond a reasonable doubt because defendant entered a conditional guilty plea following the denial of his motion to dismiss the charge. The State's only burden on the motion was to establish the officer had probable cause to arrest defendant for operating his car while intoxicated. See State v. Moore, 181 N.J. 40, 45-46 (2004). Because we are satisfied the totality of the circumstances amply supports the officer's probable cause to believe defendant was in actual control of the car while under the influence of alcohol, as found by both the

---

[1] The judge's order states the denial is "affirmed." That, of course, is incorrect. A trial de novo in the Law Division based on the record in the municipal court is not an appellate proceeding. "[T]he Superior Court judge does not affirm or reverse what occurred in the municipal court. Rather, the Superior Court judge reviews the transcript and makes an independent determination of the sufficiency of the evidence presented, giving appropriate deference to any credibility assessments that the municipal court judge may have made." State v. Kashi, 360 N.J. Super. 538, 545 (App. Div. 2003), aff'd o.b., 180 N.J. 45 (2004).

municipal court and the Law Division, <u>see</u> <u>State v. Locurto</u>, 157 N.J. 463, 474 (1999), we affirm the denial of his motion to dismiss the charge.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION