**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4209-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ZIA SHAIKH,

    Defendant-Appellant.

_____

Submitted June 5, 2019 – Decided July 9, 2019
Recalled July 11, 2019
Resubmitted January 30, 2020 – Decided June 30, 2020

Before Judges Accurso and Moynihan.

On appeal from the Superior Court of New Jersey,
Law Division, Hudson County, Municipal Appeal
Nos. 14-17 and 21-17.

Zia Shaikh, appellant pro se.

Esther Suarez, Hudson County Prosecutor, attorney
for respondent (Erin M. Campbell, Assistant
Prosecutor, on the briefs).

PER CURIAM

Following a trial in municipal court, defendant Zia Shaikh was convicted of careless driving, N.J.S.A. 39:4-97, and for violating N.J.S.A. 39:4-97.3 by using a cell phone while operating a motor vehicle in Bayonne on the afternoon of March 12, 2017. In a separate matter, he pleaded guilty to a Bayonne parking ticket issued seven months later by paying the $58 ticket online. On trial de novo in the Law Division, the court issued an order on April 20, 2018, finding defendant guilty of illegal cell phone use, not guilty of careless driving and denying his motion to withdraw his guilty plea to the parking ticket.[1]

On defendant's appeal to this court, we vacated defendant's convictions because defendant advised us there was no appearance in the de novo proceeding in the Law Division and no transcript of any decision on the

_____

[1] The judge's order states defendant's conviction for illegal cell phone use is "affirmed" and his conviction for careless driving "vacated." That, of course, is incorrect. A trial de novo in the Law Division based on the record in the municipal court is not an appellate proceeding. "[T]he Superior Court judge does not affirm or reverse what occurred in the municipal court. Rather, the Superior Court judge reviews the transcript and makes an independent determination of the sufficiency of the evidence presented, giving appropriate deference to any credibility assessments that the municipal court judge may have made." State v. Kashi, 360 N.J. Super. 538, 545 (App. Div. 2003), aff'd o.b., 180 N.J. 45 (2004).

record, leaving us with no reasons for the order appealed.[2] Following our remand to the trial court for findings of fact and conclusions of law on the record made in the municipal court, the Law Division judge advised us he had put his reasons on the record in 2018 on the same day he entered the order. We accordingly entered a sua sponte order recalling our opinion and directing defendant to secure the transcript. We thereafter issued a new briefing schedule. The matter is now fully briefed on a complete record.

At the municipal trial, the officer who issued the summons testified, as did defendant and his girlfriend. Because her testimony was limited to a summons dismissed in the Law Division, we do not recount it. The officer testified he was on patrol on a March afternoon in Bayonne in a marked police cruiser traveling west on North Street when he passed defendant, who was driving in the opposite direction. According to the officer, defendant caught his attention because he was holding a cell phone up to his left ear while driving through traffic, five feet away from him. When defendant saw that the officer had spotted him, he "abruptly pulled to the side of the road" and continued to talk on the phone. The officer made a U-turn, passed defendant

---

[2] Neither the State nor defendant was aware the court had put its findings on the record. The court's order is silent on that point.

and likewise pulled over and continued to watch defendant in his rearview mirror.

When defendant reentered the travel lanes, the officer likewise pulled into traffic a couple of cars behind defendant. The officer testified defendant stopped at a light and turned left "at a high rate of speed." The officer followed him and watched as defendant "made a couple of quick lane changes," eventually turning left and pulled into a driveway where the officer stopped him as he was getting out of his car. When defendant turned over his credentials, the officer believed he recognized the address on defendant's license being a commercial building. The officer confirmed his suspicion on return to headquarters and issued defendant summonses for improper use of a cell phone, careless driving, failure to wear a seatbelt and an improper address on his driver's license.

Defendant testified he was not holding his cell phone to his ear as the officer testified. Defendant claimed he was using a headset as he'd "done for 25 years." He testified he never holds the phone to his head "because of radiation and whatever they say it causes." He also testified he was "following the traffic pattern that all the other cars [were] following. So [he] couldn't possibly go faster or slower, even if [he] wanted." Defendant asserted that if

A-4209-17T1

he was driving carelessly under those circumstances, "then the whole Avenue C was careless[ly] driving."

The prosecutor dismissed the license charge and the municipal court judge found defendant guilty of improper use of a cell phone and careless driving. The judge stated he found the officer's testimony about his attention having been drawn to defendant because he was holding a phone to his ear credible and defendant's testimony to the contrary not credible. He also accepted the officer's testimony as to defendant having cut in and out of traffic and speeding. Specifically, the judge found the officer testified that at one point in his pursuit of defendant, the officer noted his own speed to be 40 miles per hour in a 25 mile per hour zone. The municipal court judge found defendant not guilty of the seat belt charge, noting the officer had only testified he saw defendant without a seatbelt as he was switching off the engine and getting out of his car and not while driving in traffic. Reasoning that defendant may have already released his belt in the 10 or 15 seconds it took the officer to get out of his squad car and approach defendant, the judge found insufficient evidence to support the seatbelt violation.

On de novo review in the Law Division, the Law Division judge found defendant guilty of the cell phone violation, based on the officer's testimony

that defendant caught his attention because he was holding a cell phone to his ear in traffic, but found him not guilty of careless driving. The judge rejected the municipal court's finding that defendant was traveling 40 miles per hour in a 25 mile per hour zone because the officer never estimated defendant's speed for the record.[3] The officer testified he was speeding trying to keep up with defendant, but never estimated how fast defendant was driving. Because the officer also testified that he was gaining on defendant, the Law Division judge found that "create[d] a gap that the State never bridge[d]."

Defendant filed a second appeal from a parking ticket issued in an unrelated matter months after the stop just discussed. Defendant pleaded guilty in November 2017 to a parking ticket issued for his failure to have

---

[3] The Law Division judge stated the municipal court judge "invented the testimony" that defendant was traveling at 40 miles per hour "[a]nd then found . . . defendant guilty based upon fabricated testimony." We agree the officer testified that defendant was speeding based on the officer having glanced at his speedometer, and noted that he was traveling faster than the posted limit of 25 miles per hour in pursuit of defendant. The transcript does not contain testimony by the officer that defendant was traveling at 40 miles per hour. Although we accept the municipal court judge mischaracterized the officer's testimony on that point, we cannot conclude he "invented" or "fabricated" testimony as did the Law Division judge. The municipal court proceeding appears to have been audio recorded. There is a note from the transcriber at the beginning of the transcript that reads: "Please note: Only the [c]ourt is speaking into a working microphone. There is some indiscernible speech." Because the Law Division judge found defendant not guilty of careless driving, we need not further consider either judge's findings on this point.

A-4209-17T1

displayed a parking permit. He claimed he only pleaded guilty because he had car trouble on the trial date and was advised by court personnel that a bench warrant would be issued should he fail to appear for trial. Defendant claimed he had a permit to park in the location at which he was ticketed.

The Law Division judge reviewed the documents defendant submitted in support of his appeal and determined they did not establish the ticket was issued in error. The judge noted the parking pass defendant presented "does not on its face, correspond to the same lot defendant was ticketed for parking illegally in," and does not state it was valid on the date defendant was ticketed. In assessing the information defendant presented, including emails he sent to the municipal court, the judge found defendant's proofs were insufficient to permit the judge to conclude defendant would suffer a manifest injustice if not permitted to withdraw his guilty plea.

Defendant appeals, raising the following issues.

> I.   THE TRIAL COURT IS IN VIOLATION OF FAIR DECISIONAL PROCESS AND IMPARTIAL DECISION MAKING.
>
> II.  NO PROOF OR EVIDENCE OF ANY ALLEGED VIOLATIONS.
>
> III. NO CASE, CRIME OR CAUSE OF ACTION.
>
> IV.  NO CORPUS DELECTI.

7

V.    LACK OF JURISDICTION.

VI.    THE COMPLAINT IS UNFIT FOR
       ADJUDICATION.

VII.    NO EVIDENCE OF PRESENCE WITHIN
        PLAINTIFF AND THAT LAWS APPLY TO
        ME.

VIII.    COURTS JURISDICTION NOT ENLARGED
         BY POLICE AUTHORITY.

IX.    APPELLANT WAS UNDER DURESS
       PURSUANT N.J.S.A. 2C:2-9.

X.    APPELLANT ALLEGED CONSENT UNDER
      DURESS.

We find insufficient merit in defendant's arguments to warrant discussion in a written opinion. R. 2:11-3(e)(2). We add only the following.

On appeal from a municipal court to the Law Division, the review is de novo on the record. R. 3:23-8(a). The Law Division's "function is to determine the case completely anew on the record made in the Municipal Court." State v. Johnson, 42 N.J. 146, 157 (1964). The Law Division judge must make independent findings of fact and conclusions of law based on the evidentiary record made in municipal court, "giving due, although not necessarily controlling, regard to the opportunity of the [municipal court judge] to judge the credibility of the witnesses." Ibid.

A-4209-17T1

On appeal from the Law Division's decision, the issue is whether there is "sufficient credible evidence present in the record" to uphold the findings made by the Law Division — not the municipal court. Id. at 162. As an appellate court, "we defer to findings that are supported in the record and find roots in credibility assessments by the trial court." State v. Camey, 239 N.J. 282, 306 (2019). Of course, our deference is made more compelling where, as here, "two lower courts have entered concurrent judgments on purely factual issues. Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." State v. Locurto, 157 N.J. 463, at 474 (1999).

Defendant offers us no basis to set aside the municipal court's and the Law Division's finding that the officer credibly testified that defendant caught his attention because he was holding a cell phone to his left ear in traffic as the officer passed him five feet away driving in the opposite direction. The record amply supports the Law Division judge's finding and his conclusion that defendant was guilty of illegal use of a cell phone while driving beyond a reasonable doubt.

A-4209-17T1

Likewise, we cannot conclude the Law Division judge erred in finding defendant's proofs insufficient to establish defendant would suffer a manifest injustice if not permitted to withdraw his guilty plea to the parking ticket under Rule 7:6-2(b) and State v. Slater, 198 N.J. 145, 158-60 (2009). Because nothing defendant offers convinces us the Law Division's denial of his motion to vacate his plea to the parking violation was clearly erroneous, we are compelled to affirm. See State v. Mustaro, 411 N.J. Super. 91, 99 (App. Div. 2009).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION