**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2137-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

FRANK BRIGHT,

    Defendant-Appellant.

_____

Argued March 19, 2024 – Decided April 12, 2024

Before Judges Mayer, Paganelli and Whipple.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Municipal Appeal No. 19-2022.

Frank Bright, appellant pro se.

Charly Gayden, Assistant City Attorney, argued the cause for respondent (Office of the City Attorney, attorneys; Charly Gayden, on the brief).

PER CURIAM

Defendant Frank Bright appeals from a March 15, 2023 order, after the Law Division judge conducted a de novo review, affirming a September 27, 2022 order issued by the New Brunswick municipal court judge. The September 27 order found defendant guilty of contempt of court and imposed a $100 fine under Rule 1:10-1. Defendant also appeals from the Law Division judge's denial of interlocutory review of the municipal court judge's November 15, 2022 discovery order. We affirm.

We briefly summarize the facts based on the September 27, 2022 transcript of the municipal court proceeding, the March 3, 2023 transcript of the Law Division hearing, and the Law Division judge's March 15, 2023 written decision.

Defendant appeared in New Brunswick municipal court as a result of citations and summons issued by the City of New Brunswick (City). The citations alleged defendant violated the City's property maintenance code.

Prior to the start of the trial, defendant and the municipal court judge engaged in a back-and-forth colloquy on the record. Because defendant interrupted the September 27, 2022 municipal court proceeding and made disrespectful comments during that proceeding, the municipal court judge found defendant in contempt of court and imposed a $100 fine.

Defendant appealed the municipal court judge's contempt finding and fine to the Law Division. Judge Robert J. Jones, Jr. conducted a de novo hearing on March 3, 2023. After considering the municipal judge's decision anew, Judge Jones issued a well-written decision, finding defendant guilty of contempt of court and imposing a $100 sanction. Judge Jones also denied defendant's application for interlocutory review of the municipal court judge's November 15, 2022 discovery order.[1] In his March 15, 2023 order, Judge Jones stayed payment of the $100 sanction pending appeal to this court.

We recite defendant's arguments on appeal verbatim:

POINT I

> STATE HAS PERJURED THEMSELVES ON CRITICAL FACTS OF THE CASE ON MULTIPLE OCCASIONS DEMONSTRABLY TO CONFUSE THE COURT AND OBTAIN AN UNLAWFUL CONVICTION.

POINT II

> STATE V. VASKY IS OVERLY BROAD: A JUDGE WHO ACTIVELY ENGAGES IN UNLAWFUL ACTS ON THE BENCH DOES NOT HAVE THE PROTECTION OF CONTEMPT DUE TO JUDGE'S LACK OF SELF-DIGNITY. ALL INDICATIONS ARE THAT JUDGE WAS UNDER THE INFLUENCE OF A DRUG.

---

[1] Judge Jones declined to address the municipal court judge's discovery order, stating the issue was preserved pending the outcome of the municipal court trial.

POINT III

SUPERIOR COURT HAD EXPARTE COMMUNICATIONS WHICH UNFAIRLY AFFECTED [DEFENDANT] UNDER DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW.
(Not raised below).

POINT IV

SUPERIOR COURT CONSISTENTLY VIOLATED DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW.

POINT V

APPELLATE COURT IS ASKED TO RULE INTERLOCUTORY: BOTH TO SUPPRESS EVIDENCE AND ON "OBSTINACY" RULING AS BEHAVIOR IS PREMEDITATED TO HARASS PRO SE [DEFENDANT].

POINT VI

APPELLATE COURT IS ASKED TO RULE INTERLOCUTORY: BOTH TO SUPPRESS EVIDENCE AND ON "OBSTINACY" RULING ON CONSTITUTIONAL GROUNDS.

POINT VII

CASE LAW STATES FIRMLY THAT CONTEMPT OF COURT IS NOT TO BE USED WHEN [DEFENDANT] IS MERELY TRYING TO FOLLOW THE RULES OF COURT AND ASKING THE ALLEGED JUDGE'S NAME.

A-2137-22

POINT VIII

STATE COUNSEL IS CITY OF NEW BRUNSWICK PROSECUTOR: LAWYER FOR THE JUDGE CANNOT BE PROSECUTOR UNDER CONFLICT OF INTEREST.

POINT IX

THE RIGHT TO FACE MY ACCUSERS IS BEING VIOLATED PER DUE PROCESS.

We affirm for the reason expressed by Judge Jones in his March 15, 2023 written decision. We add the following brief comments.

Our "review of a municipal appeal to the Law Division is limited to the action of the Law Division and not that of the municipal court." State v. Hannah, 448 N.J. Super. 78, 94 (App. Div. 2016) (internal quotation marks omitted) (quoting State v. Palma, 219 N.J. 584, 591-92 (2014)). We review a trial court's de novo decision on a municipal appeal to "determine whether sufficient credible evidence in the record supports the Law Division's decision." State v. Monaco, 444 N.J. Super. 539, 549 (App. Div. 2016) (citing State v. Johnson, 42 N.J. 146, 162 (1964)). We "do not weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence." State v. Barone, 147 N.J. 599, 615 (1997). "However, where issues on appeal turn on purely legal

5

determinations, our review is plenary." Monaco, 444 N.J. Super. at 549 (citing

State v. Adubato, 420 N.J. Super. 167, 176 (App. Div. 2011)).

Rule 1:10-1, addressing summary contempt in the presence of the court,

states:

> A judge conducting a judicial proceeding may adjudicate contempt summarily without an order to show cause if:
>
> > (a) the conduct has obstructed, or if continued would obstruct, the proceeding;
> >
> > (b) the conduct occurred in the actual presence of the judge, and was actually seen or heard by the judge;
> >
> > (c) the character of the conduct or its continuation after an appropriate warning unmistakably demonstrates its willfulness;
> >
> > (d) immediate adjudication is necessary to permit the proceeding to continue in an orderly and proper manner; and
> >
> > (e) the judge has afforded the alleged contemnor an immediate opportunity to respond.
>
> The order of contempt shall recite the facts and contain a certification by the judge that he or she saw or heard the conduct constituting the contempt and that the contemnor was willfully contumacious. Punishment may be determined forthwith or deferred. Execution of sentence shall be stayed for five days following imposition and, if an appeal is taken, during the

6

> pendency of the appeal, provided, however, that the judge may require bail if reasonably necessary to assure the contemnor's appearance.

Judge Jones meticulously addressed the facts in reviewing the municipal judge's contempt finding against defendant. Additionally, the municipal court judge provided a detailed certification, describing defendant's conduct, despite being given several warnings, as willfully contumacious warranting contempt of court under Rule 1:10-1. Although the municipal court judge did not specifically ask if defendant wished to respond to the contempt charge, the record demonstrates defendant had the opportunity to respond to the charge and, in fact, did so during the September 27, 2022 municipal court proceeding. Thus, we are satisfied the contempt finding was based on sufficient credible evidence in the record.

Regarding the $100 fine imposed by Judge Jones, he could not impose a penalty greater than the penalty assessed by the municipal court judge. State v. Kashi, 180 N.J. 45, 49 (2004). Given this limitation, Judge Jones concluded "[t]he fine was minimal given what took place" in municipal court. We are satisfied the sanction imposed by Judge Jones was supported by sufficient credible evidence in the record.

Because we affirm the Law Division's contempt of court decision and $100 sanction, we dissolve the portion of the March 15, 2023 order staying payment of the fine imposed.

Defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2137-22